IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-253-WKW |
| | ) | |
| FREDERICK ANTHONY SMITH | ) | |
| | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:          MICHAEL PETERSEN

ASSISTANT U.S. ATTORNEY:     MATTHEW W. SHEPHERD

**COUNT AND STATUTE CHARGED**:

Counts 2-3          21 U.S.C. § 841(a)(1) and 18 U.S.C. §2
                    Possession of a Controlled Substance with
                    Intent to Distribute

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT**:

Count 2-3          21 U.S.C. § 841(a)(1) and 18 U.S.C. §2

**PENALTIES BY COUNT - MAXIMUM PENALTY**:

Count 2          21 U.S.C. § 841(a)(1) and 841(b)(1)(B)
                 NLT 5Y and NMT 40 Y, or
                 NMT $2,000,000 fine or both;
                 NLT 4Y NMT 5Y SUP REL,
                 $100 AF;
                 VWPA.

Count 3          21 U.S.C. § 841(a)(1) and 841(b)(1)(C)
                 NMT 20Y, or
                 NMT $1,000,000 fine or both;
                 NLT 3Y NMT 5Y SUP REL,
                 $100 AF;
                 VWPA.

**ELEMENTS OF THE OFFENSE**:

     COUNTS 2-3:
18 U.S.C. § 2

1.   Someone else committed the charged crime, and

2.    The defendant intentionally associated himself in some way
      with the crime and intentionally participated in it as he
      would in something he wished to bring about.

21 U.S.C. § 841(a)

1.    Defendant knowingly and willfully possessed a controlled
      substance as charged;

2.    Defendant possessed the controlled substance with intent to
      distribute;

3.    That the weight of the controlled substances possessed by
      the defendant was in excess of the amount charged.


      ***************************************************************


      Matthew W. Shepherd, Assistant United States Attorney and

Michael Petersen, attorney for the defendant, pursuant to

Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as

Amended, have, with the authorization of the undersigned

defendant, heretofore entered into discussions with a view

towards reaching a pretrial conclusion of the charges pending in

the Indictment herein and a Plea Agreement has been reached by

said parties.  The plea is being submitted to the Court pursuant

to Federal Rules of Criminal Procedure 11(c)(1)(A) and

11(c)(1)(C), and the parties understand that, if the terms of the

Plea Agreement are not accepted by the Court, the defendant will

be allowed to withdraw the defendant's plea of guilty and proceed

to trial.  If the Court accepts this agreement, however, and

defendant thereafter breaches this agreement, his guilty plea may

not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Counts 2 and 3 of the Indictment, the attorney for the Government will do the following:

a.    The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.  Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant qualifies for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

b.    The government agrees not to prosecute the defendant in the Middle District of Alabama with any additional offenses related to the traffic stop of the defendant on June 8,

2007, other than those to which he is pleading guilty, so long as the defendant complies with the terms of the Cooperation Agreement below.  However, this provision extends only to the United States Attorney's Office for the Middle District of Alabama and does not prevent any other federal, state, or local jurisdictions from prosecuting the defendant for any offenses he may have committed related to the traffic stop of the defendant on June 8, 2007.

c.   The United States agrees, with the defendant, to a sentence of imprisonment at the bottom end of the applicable sentencing guidelines range as determined by the Court.

d.   The United States agrees, pursuant to U.S.S.G. 5K1.1; Rule 35, Federal Rules of Criminal Procedure; and 18 U.S.C. §3553(e), if applicable, that should the Defendant provide substantial assistance to the investigation and prosecution of other offenses in accordance with the Cooperation Agreement below, a downward departure or later adjustment in Defendant's applicable sentence as calculated by the United States Probation Office, Middle District of Alabama may be appropriate.  Should that be the case the United States agrees to recommend a downward departure of up to three levels in the defendant's offense level. Whether the defendant qualifies and the extent of any downward departure or adjustment is at the sole discretion of the United States and will entirely depend upon the extent of Defendant's

4

cooperation and assistance with the investigation and prosecution of any and all crimes of which the Defendant has knowledge. The ultimate amount of any downward departure or adjustment shall remain in the sole discretion of the United States. Should the defendant's cooperation not be completed until after sentencing, the government agrees to file a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure for the appropriate reduction in sentence to reflect the defendant's substantial assistance.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

 a. To plead guilty to Counts 2 and 3 of the Indictment.

 b. To forfeit all firearms in his possession.

 c. Not commit any State, local or federal offenses.

 d. To comply with all provisions of the Cooperation Agreement set forth below.

## COOPERATION AGREEMENT

4. The Defendant agrees to make a good faith effort to assist the United States in the investigation and prosecution of

other persons involved in the illegal possession, manufacture or distribution of controlled substances or firearms; or any other illegal activity of which the Defendant has personal knowledge.

a.    The Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so.  The Defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon.  The Defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the United States.  He agrees to fully and truthfully disclose to the United States everything he knows about any and all documents and materials in his possession that relate to violations of federal firearms statutes and any other criminal violations, federal or State, in the Middle District of Alabama and elsewhere.

b.    Provided that the Defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the United States during the course of his cooperation,

concerning related offenses, will not be used against him, directly or indirectly. The Defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

c.    If the Defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the United States investigators or attorneys prior to or during his testimony before grand juries or in trials, or commits any state or federal offense, then the United States will be free to: (1) prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and sentencings the Indictment and documents that he has himself disclosed or furnished to the United States during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the Defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether Defendant has breached this agreement. Defendant further understands that upon

7

any breach of this plea agreement, by the Defendant, he will not be entitled to withdraw his guilty plea in this case.

## FACTUAL BASIS

5.    On or about June 8, 2007, Frederick Anthony Smith, defendant herein, in Pike County, within the Middle District of Alabama, did aid and abet Roy Beeman, in possessing with intent to distribute 5 grams or more of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, and cocaine hydrochloride, a Schedule II controlled substance.  All in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

6.    Specifically, on June 8, 2007, Smith drove a vehicle in which Roy Beeman was a passenger in Troy, Alabama.  While in the vehicle, Beeman possessed a Crown Royal bag containing 22.56 grams of cocaine base and 14.94 grams of cocaine hydrochloride. The defendant stipulates to these amounts as having been tested and confirmed by the Alabama Department of Forensic Sciences. Beeman also possessed one firearm with him in the passenger seat. When Beeman entered the car Smith was driving, Smith saw the Crown Royal bag and saw that it contained the illegal narcotics. Based on what Smith could see in the bag, he had reason to believe that Beeman possessed five grams or more of cocaine base. Smith also saw the firearm in Beeman's possession in the front seat.

7.   Smith had previously distributed controlled substances on Beeman's behalf and previously driven Beeman while Beeman distributed controlled substances to others.   Smith had also witnessed Beeman distribute controlled substances on previous occasions.   Based on this history of interaction with Beeman, Smith's personal knowledge that Beeman distributed illegal drugs, and the drugs and firearm that Smith saw in Beeman's possession when he entered the car, Smith believed that Beeman intended to distribute the illegal drugs he saw in Beeman's possession.

8.   Despite this knowledge, Smith allowed Beeman to remain in the car with the bag of illegal drugs and agreed to drive the car where Beeman directed.   Smith believed that by driving Beeman where he directed, Smith would be assisting Beeman in the distribution of the illegal drugs in his possession. Smith did not alert any law enforcement authorities regarding Beeman's possession of illegal narcotics in the car or make any efforts to inform Beeman that he did not want him in the car.   Beeman did not threaten Smith in any way or place him under any duress. Smith was not acting as a confidential informant for the police on June 8, 2007, during his interaction with Beeman.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

9.   Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by

18 U.S.C. § 3742 to appeal the sentence.  Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

10.   The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

11.   The defendant, before entering a plea of guilty to Counts 2 and 3 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.   The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case.  Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

10

c.    The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing.    The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office.    The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

d.    The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

11

f.    The defendant understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.    The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.  The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.    The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

12

j.   The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant.   However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.   The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

12.   The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended.   The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant

13

has been advised of the defendant's right to plead not guilty and
to be tried by a jury on all issues herein; of the maximum
possible penalty provided by law; that by the entering of a plea
of guilty as aforesaid, the defendant waives the right to be
tried by a jury or by the Court, waives the right to confront and
cross-examine witnesses against the defendant and the right not
to be compelled to incriminate the defendant; and that if the
defendant pleads guilty, there will not be a further trial of any
kind.   Further, the defendant has been advised that if the
defendant pleads guilty, the Court may ask questions about the
offense to which the defendant has pleaded and that if the plea
is rejected or later withdrawn, that the answers to such
questions may not be used against the defendant in a civil or
criminal proceeding, but that the defendant's answers may later
be used against the defendant in a prosecution for perjury or
false statement if the answers are not truthful.

    13.    The defendant understands that the U.S. Probation
Office will prepare a presentence investigation report for the
Court.  The Probation Officer will consider the defendant's
conduct related to the offense to which the plea is offered, as
well as the defendant's criminal history.  The offense level or
criminal history category, as calculated by the Probation Officer
and determined by the court, may differ from that projected by
defendant's counsel or the U.S. Attorney.  In the event that the

14

Court determines the defendant's offense level or criminal history category is higher than the defendant anticipated, the defendant will not have the right to withdraw the plea on that basis.

14.    The defendant understands that the United States Sentencing Guidelines are advisory upon the Court and that the Court must consider the factors contained in 18 U.S.C. § 3553(a). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendants; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

This 22nd day of January, 2008.


Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


_____
Louis V. Franklin, Sr.
Criminal Chief

_____
Matthew W. Shepherd
Assistant United States Attorney
131 Clayton St.
Montgomery, Alabama 36104

I have read the foregoing Plea Agreement, including the Cooperation Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, MICHAEL PETERSEN.

FREDERICK ANTHONY SMITH
DEFENDANT

1/22/2008
Date

MICHAEL PETERSEN
Attorney for the Defendant

1/22/2008
Date

17