IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 2:07-CR-253-MEF |
| | ) | |
| FREDERICK A. SMITH | ) | |

**SENTENCING MEMORANDUM**

Mr. Smith asserts that he should receive the benefit of the safety-valve provision, U.S. Sentencing Guidelines Manual (U.S.S.G.) §5C1.2, and be sentenced in accordance with the applicable guidelines without regard to the mandatory sentence required by 21 U.S.C.S. § 841(b)(1)(B)(vii). Mr. Smith also asserts that his 2002 adjudication as a youthful offender pursuant to the Alabama Youthful Offender Act, Code of Alabama §§15-19-1 through 15-19-7 should not be counted in assessing criminal history points. Mr. Smith also attaches Defendant's Exhibits 1 through 9 for this Court's consideration pursuant to 18 U.S.C. §3553(a).

**Application of the Safety-valve Provision**

In paragraph 72 of the Presentence Investigation Report (PSR), the Probation Officer asserted that Mr. Smith does not appear eligible for consideration under §5C1.2. Mr. Smith's counsel objected and in the Addendum to the PSR, the Probation Officer stated that because Mr. Smith was accountable for the gun under U.S.S.G. § 5C1.1(a)(2) he was not eligible.

21 U.S.C.S. § 841(b)(1)(B)(vii) provides a mandatory five-year minimum sentence for § 841(a) drug offenses involving over 100 kilograms or 100 marijuana plants. Mr. Smith was correctly found to be responsible for 116.938 kiolgrams of marijuana or its equivalent. U.S.S.G. § 5G1.1(b)

1

states that where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the minimum sentence shall be the guideline sentence. The safety-valve provision, U.S.S.G. § 5C1.2 states that for offenses under 21 U.S.C.S. §§ 841, 844, 846, 960, or 963, the court shall impose a sentence in accord with the applicable guidelines without regard to any statutory minimum sentence provided defendant meets five criteria: (1) defendant does not have more than one criminal history point; (2) he did not use violence or possess a firearm or induce another to possess; (3) offense did not result in death or serious bodily injury; (4) he was not an organizer or leader of the offense; (5) he has complied with the Government's information demands.

Mr. Smith qualifies for the safety-valve provision. It would appear from the PSR and the Addendum that there is no dispute with any of the foregoing § 5C1.2 requirements with the exception of number 2, that is, possession of a firearm. In the addendum, the Probation Officer asserts that Mr. Smith is not eligible for consideration under U.S.S.G. § 5C1.2, as the offense involved the possession of a firearm (see U.S.S.G. § 5C1.1(a)(2). According to the law of this Circuit. Mr. Smith may only be precluded from consideration for the safety-valve provision if he possessed the gun. Mr. Smith did not possess the gun.

### Possession of a firearm or other dangerous weapon

It is undisputed that the firearm found under the passenger seat of the car was brought there by Mr. Smith's co-defendant and left there by that same individual when he fled from police officers as the car was being stopped. Mr. Smith was not charged in the indictment with possession of a firearm in the furtherance of a felony, nor was he a prohibited person under the requirements of 18 U.S.C. §922(g).

In determining defendant's eligibility for safety valve, § 5C1.2(2) allows for consideration

of only Mr. Smith's, not conduct of his coconspirator. The 11th Circuit has specifically considered the issue of whether an individual may not be precluded from consideration for the safety-valve provision simply because a co-defendant possessed a gun. *See United States v. Clavijo* 165 F3d 1341, 1343-44 (11th Cir. 1999) (holding that the defendant was entitled to safety valve relief under § 5C1.2, even though his co-defendant possessed firearm; possession of firearm pursuant to § 5C1.2, which precludes application of safety valve, does not include reasonably foreseeable possession of firearm by coconspirators, even though firearm was attributed to defendant under § 2D1.1(b)(1)). *See also United States v. Wilson,* 105 F3d 219 (5th Cir.), *rehrg. denied* 1997 US App LEXIS 5145 (5th Cir.1997) *cert. denied* 522 US 847 (1997); *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir.1997); *In re Sealed Case (Sentencing Guidelines' "Safety Valve")*, 105 F.3d 1460, 1462-63 (D.C.Cir.1997); *United States v. Wilson*, 105 F.3d 219, 222 (5th Cir.), *cert. denied,* 522 U.S. 487 (1997).

Paragraph 21 of the PSR assesses Mr. Smith an additional two offense levels for possession of a firearm pursuant to §2D1.1(b)(1). Based upon this, the Probation Officer states in the Addendum to the PSR that Mr. Smith does not qualify because he was in possession of a gun. From the onset, Mr. Smith has stated that his co-defendant got into the car with the gun and when they were stopped by police officers a short while later, the co-defendant, a previously convicted felon, left everything in the car and fled on foot. Additionally, Mr. Smith was not named in either of the gun counts in the indictment.

Addressing this situation in *United States v. Clavijo*, a panel of the 11th Circuit stated that two reasons compelled their conclusion that "possession" of a firearm does not include the reasonably foreseeable possession of a firearm by co-conspirators. First, the panel noted that the

commentary to §5C1.2 adds that "consistent with § 1B1.3 (Relevant Conduct), the term 'defendant,' as used in subdivision (2), limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." *See U.S.S.G.* §5C1.2 comment (n.4). This commentary, the panel found, tracks the language of §1B1.3(a)(1)(A) and implicitly rejects the language of §1B1.3(a)(1)(B) which holds defendants responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." It is this "reasonably foreseeable" language the panel found, that allows a defendant to be held responsible for a firearm under section 2D1.1(b)(1) even when he physically possessed no firearm. 165 F3d at1343.

Second, the plain language of §5C1.2 requires that the defendant "possess a firearm … or induce another participant to do so." The panel stated that "[i]f 'possession' in §5C1.2 encompassed constructive possession by a co-defendant, then 'induce another participant to [possess]' would be unnecessary." Therefore, mere possession by a co-defendant, while sufficient to trigger §2D1.1(b)(1), is "insufficient to knock a defendant out of the safety-valve protections of section 5C1.2."

Because there is no evidence that Mr. Smith possessed the gun in question, the Probation Officer's assertion is incorrect that Mr. Smith is precluded from the benefit of the safety valve provision because the offense involved the possession of a firearm. In light of the court's clear ruling in *Clavijo*, Mr. Smith's objection to paragraph 72 that he is ineligible for consideration under §5C1.2 should be sustained.

### Youthful Offender Act Adjudication

In paragraph 37 of the Presentence Investigation Report (PSR), the Probation Officer asserted

that Mr. Smith's prior adjudication as a youthful offender pursuant to the Alabama Youthful Offender Act, Code of Alabama §§15-19-1 through 15-19-7, should be counted pursuant to Pursuant to U.S.S.G. § 4A1.2(f), "a diversionary disposition resulting from a finding or admission of guilty, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted." U.S.S.G. § 4A1.2 Commentary, Application Note 9, provides that "§4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission of guilty in open court.

While that is an accurate statement, it is contrary to both Alabama law concerning the use of a Youthful Offender adjudication, it is also contrary to the law as established in this Court. Code of Alabama § 15-19-7(a), clearly states that a determination made under the provisions of this chapter "shall not be deemed a conviction of crime." In addition, this Court has previously held:

> A youthful offender adjudication in the State of Alabama is not an "adult conviction." While they do occur in an adult court, the United States Court of Appeals for the Eleventh Circuit has recognized that an adjudication under Alabama's Youthful Offender Act, Ala. Code § 15-19-1 et seq., is very different from a conviction of an adult. It is not deemed a conviction of crime at all. It does not disqualify for public office or public employment or forfeit any rights or privileges. Moreover, in order to qualify for youthful offender status, a defendant is required to waive their right to trial by jury. Ala. Code § 15-19-1(a). In addition, the Supreme Court of Alabama has noted that the Youthful Offender Act is intended to extricate persons below 21 years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential rehabilitative system.

*United States v. Robinson*, 518 F. Supp 2d 1341, 1345 (M.D. Ala. 2007).

By both Alabama law and the law of this Circuit, Mr. Smith's prior adjudication under the Alabama Youthful Offender Act not only does not constitute a prior conviction, it is no conviction

at all. Mr. Smith's objection to the inclusion of a Youthful Offender adjudication in the calculation of his criminal history points should be sustained.

Dated this 21st day of April, 2008.

                                Respectfully submitted

                                s/ Michael J. Petersen
                                MICHAEL J. PETERSEN
                                Assistant Federal Defender
                                201 Monroe Street, Suite 407
                                Montgomery, Alabama 36104
                                Phone: (334) 834-2099
                                Fax: (334) 834-0353
                                E-mail: michael_petersen@fd.org
                                ASB-5072-E48M

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CASE NO: 2:07-CR-253-MEF |
| | ) | |
| **FREDERICK A. SMITH** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Matthew Shepherd, Esq., Assistant U.S. Attorney, 131 Clayton Street, Montgomery, AL 36101.

    Respectfully submitted,

    s/ Michael J. Petersen
    MICHAEL J. PETERSEN
    Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: michael_petersen@fd.org
    ASB-5072-E48M

February 4, 2008

Ms. Ellen Traywick, Probation Officer
Frank M. Johnson Jr.
U S Courthouse Complex
One Church Street
Montgomery, AL 36104

Dear Ms. Traywick:

I write on behalf of my son, Fredrick Anthony Smith who, on February 12, 2008 will come before you for his pre-sentence interview.

Anthony's Mother and I have been married for 32 years and like so many other parents in this same type situation, we dealt with his problems the best we could, the best we knew how, under the circumstances. Anthony, like so may others that are lost in today's society, was provided a good home and a family that truly loves him regardless of his mistakes. Starting at a very young age, I could see that Anthony had no self-esteem and was easily influenced by those who had no genuine concern for his well-being. I don't blame other people for his mistakes; that to me is the easy way out by looking for excuses.

Anthony's difficulty in school led us to have him evaluated and tested within the school system and independently with neuropsychologists and a pediatric neurologist in the early years. At 13 a thirty-day psychological evaluation was done. He was diagnosed with A.D.H.D., very low self-esteem and some learning disabilities.

Yes, Anthony has indeed made unwise, uneducated, and often horrendous mistakes in his life. For that, I do understand and even support the fact that he must pay a price for his decisions. However, I also know that Anthony is a good-hearted person that would not bring intentional harm to anyone. There is simply not a mean bone in his body. Anthony spent approximately five months in the Pike County Jail before being transported to Montgomery and then to Prattville. On each visit, I made it a point to not only tell him, but others as well, that their biggest crime was being a fool. Of course, a lesser sentence would be nice, but I also know the importance of having him placed at a facility where he may obtain some help, preferably at a low or minimum security one. He desperately needs extensive drug counseling along with vocational and educational opportunities.

With the jails and prisons being so overcrowded, his age and nonviolent crime, any consideration that could be given to him being placed at Maxwell or maybe Talladega would be greatly appreciated. If not, he can only be less suitable for society if he makes it out.

Thanks for your time and consideration.

Tony Smith   Ann Smith

Tony and Ann Smith
112 Deerfield Drive
Troy AL 36081

DEFENDANT'S EXHIBIT 1

February 18, 2008

Ms. Ellen Traywick
Supervisory U. S. Probation Officer
U. S. Courthouse Complex
Montgomery, AL 36104



RECEIVED
FEB 27 2008
U.S. PROBATION OFFICE
MONTGOMERY, ALABAMA

Dear Ms. Traywick:

I am writing on behalf of Mr. Anthony Smith, who is the son of Tony and Ann Smith, of Troy, Alabama. I have maintained a very close relationship with the Smith family continuously for over 25 years. Suffice it to say that I have never met finer people with higher moral standards. I have also had the pleasure of watching Tony and Ann's sons Bryant and Anthony grow from young boys into manhood. Bryant graduated from college and is a small business owner in the Troy area, and Anthony, as we both know, is facing a possible stay in a Federal Institution.

I am writing to most respectfully request that, if it is the decision of the court that Anthony remains incarcerated, you would help in any way that possibly, to have him placed in a safe environment where true rehabilitation is possible. I am confident that if placed in the proper environment where he would have the opportunity to get his High School GED and possibly learn a trade, Anthony could and would profit from his mistakes. Knowing Anthony as I do, it would be an injustice for him to be placed into the hard core element of a prison society that is nothing more than a breeding ground for a criminal mentality. Again, if it is determined that incarceration is the only avenue for Anthony, please have compassion for this young man and see that he is placed into an environment that will keep him safe and allow him to become a more productive person when this ordeal is finally behind him.

I want to thank you for any consideration you might give this request. I am 61 years old, and I can only imagine the pain, suffering and fear that both Anthony and his family cope with on a daily basis. One only has to meet Anthony for a few minutes to understand that he is a good boy and a fine young man who fell victim to peer pressures and made some really bad decisions. He has already paid a huge price for these bad decisions, and I know for a fact that his loving parents have paid even a greater price. I feel that both Anthony and his family have the right to know that he will be placed in a safe environment and into one which will have the potential to correct any behavior patterns that brought him to this point in his life. Again, thank you for any consideration you might give this request which will give great comfort to Anthony, his family, and all of us who care so deeply for him.

Yours truly,

Paul Sorrow

cc: Mr. Michael Peterson, Esq.



DEFENDANT'S EXHIBIT 2

## Coffee County Board of Education
400 Reddoch Hill Road
Elba, Alabama 36323-1661

**LINDA B. INGRAM, Ed.D.**
**Superintendent**

Phone: 334-897-5016

Fax: 334-897-6207

February 4, 2008

RE: Fredrick Anthony Smith

Ellen Traywick, Probation Officer
Frank M. Johnson, Jr. U S Courthouse Complex
One Church Street
Montgomery AL 36104

Dear Ms. Trawick:

I have known Fredrick Anthony Smith and his family since his birth. As a family friend and lifelong educator, I have witnessed the good times as well as the difficult times in Anthony's life. I am aware of the poor decisions that he made that lead to his imprisonment. His actions have greatly affected his parents and his family as they continue to provide love and support for Anthony.

As an educator, I have witnessed many young people make decisions that alter their lives. I understand that Anthony has committed a crime and must be imprisoned. As he faces this, I hope that you will consider his age and his family support system in deciding his sentence and placement. Anthony needs to receive drug rehabilitation and counseling so he will be able to live and work in our community after his release. He lacks educational and vocational skills since he did not graduate from high school. He needs to participate in GED classes. Anthony would benefit from receiving vocational training so he will be employable.

Placement in a maximum-security facility is not needed because of the type of crime that he committed. I believe that placement at a maximum-security facility could exacerbate the problems that he will face upon release. His placement at a minimum-security facility would serve as punishment but would enable him to receive the needed rehabilitation. It is our hope that Anthony will be able to return home and become a successful, contributing citizen in our community.

If you have any questions, please contact me.

Sincerely,

*Linda B. Ingram*

Linda B. Ingram

copy   Michael Peterson, Esquire

**DEFENDANT'S EXHIBIT 3**

### Board Members

Charles Walker, Chairman      Danny Jernigan, Vice Chairman
Jimmy Clark    Larry Eddins    Annette Griswold    Galen McWaters    Rubin McKinnon

Beverly Floyd<br>
134 Deerfield Drive<br>
Troy, Alabama 36081

February 8, 2008

Ellen Traywick, Probation Officer
Frank M. Johnson, Jr.
US Courthouse Complex
One Church Street
Montgomery, Alabama 36104

Dear Ms. Traywick,

This letter is in reference to my paternal nephew, Fredrick Anthony Smith. I have been closely connected to Anthony all his life, and have personal knowledge of his life. At an early age, Anthony was diagnosed with ADD, ADHD, and low self esteem. Even though Anthony was on medications, these diagnosed traits along with learning disabilities, played a major factor in his life during the years when he should have been maturing to his age. Anthony will turn twenty-five (25) years old at the end of the month, yet his maturity level on daily functions, understanding, and reality, are probably at best that of a fifteen (15) to sixteen (16) year old. Due to extreme immaturity and not being able to stay on a level with the kids he grew up with, Anthony started making bad choices.

He now faces two great challenges in his life. One is to serve a sentence for the crime he committed, and the other is at the end of that sentence he will be released.

As a close and concerned family member, please allow me to respectfully request that consideration be given to his being placed in a low or minimum secure facility. Anthony is not a threat, nor is he harmful to others. He needs to be placed where there is daily structure, work, intense drug treatment programs, classes for a G.E.D., or vocational training, so that upon his release, Anthony will be better prepared to return to a community where he can have a chance to be a productive and contributing member.

Justice will be served just as well by placing Anthony in a facility that can help him. He will still be confined, and off the streets.

Anthony's paternal grandmother died this past November, 2007, while he was incarcerated in the Pike County Jail. His maternal grandmother is still living, and will be eighty-nine (89) in April.

On behalf of Anthony's extended family we pray this request will be given consideration.

Sincerely,

*Beverly Floyd*

cc: Michael Peterson, Esquire

DEFENDANT'S EXHIBIT 4

March 20, 2008



Ellen Traywick, Probation, Officer,
Frank M. Johnson, Jr.
U.S. Courthouse Complex
One Church Street
Montgomery, AL 36104

RE: Frederick Anthony Smith

Dear Ms. Traywick:

I am Anthony Smith's paternal first cousin. However, due to the age difference between us, Anthony has always considered me as his aunt. I have a son that is two days younger than Anthony, so I have always been a part of his life.

Anthony and my child have grown up together, attended the same schools throughout their lives as well as participated in sports up to high school.

Anthony did not grow up hanging out nor have friends like the person he was arrested with. Growing up Anthony was outgoing and associated himself with the popular crowd until he started falling behind so far behind in high school. Our family has always been close and has routinely gathered on weekends for cookouts, as well as spending most holidays together.

With this being said, you can see I am very familiar with Anthony's background. He was diagnosed with Attention Deficit Hyperactive Disorder, learning disabilities as well as low self esteem at a young age. I know with these factors, Anthony has struggled throughout his life. With all these disabilities Anthony fell behind his peers in school thus causing him not to graduate.

As a close relative, I can only begin to express the hurt his actions have caused our family. Our grandmother died recently while Anthony was in the Pike County Jail. His maternal grandmother will be 89 years old in April, chances are great Anthony will not regain his freedom and will be incarcerated at the time of her demise. This guilt along with guilt of his actions will be with him forever.

I know that Anthony is not a violent person, nor is he a flight risk. I am asking for your consideration in recommending that he be placed in a minimum secure facility at his sentencing hearing. I know in this type setting he can be taught a job skill, earn his GED and receive intensive drug counseling and rehabilitation. With this help Anthony can return and be a productive citizen. Justice would still be served.

1 of 2



DEFENDANT'S EXHIBIT 5

In Anthony's immature mind, he has made horrific choices trying to fit in with the wrong crowd. To place Anthony in anything other than a minimum secure facility could possibly result in him becoming harmful to himself or an easy prey to others.

We are a small family and we pray that you consider this request to place him somewhere like Maxwell or Pensacola to where his family can be near him, especially for the sake of his maternal grandmother.

Thank you for taking time out of your busy schedule to read and consider my request.


Respectfully,

*Denise F. Cancel*

Denise F. Cancel

cc: Michael Peterson, Esquire

2 of 2



March 18, 2008

Ms. Ellen Traywick, Probation Officer
Frank M Johnson Jr. U. S. Courthouse Complex
One Church Street
Montgomery, Alabama 36104

Dear Ms. Traywick,

I am writing you concerning my grandson, Fredrick Anthony Smith. I am deeply concerned with his well being. Anthony and I are very close. Anthony has had very low self esteem since a young age. He was diagnosed with ADHD and learning disabilities which contributed to his problems in school and with his peer group. His major problem has been trying to find a place to fit in; unfortunately it was with the drug crowd that fed on his weakness to be accepted. He is in need of positive counseling and receiving vocational as well as educational training; earning his GED would be a positive step for him.

I will be 89 years old in a few weeks. Anthony has already lost a Grandmother while he was in Pike County Jail. It is my hope and prayer that he might receive the shortest sentence as possible so that I might have more time with my Grandson if strict probation is not possible. If he must serve time, please give this your consideration. Also, Anthony is not a mean person. If at all possible, please consider placing him in a minimum security facility such as Maxwell. I am afraid if he is placed somewhere else it will make things for him much worse.

Thank you for your time and consideration.

*Merle Lee*
Merle Lee
901 Elba Highway
Troy AL 36079

copy: Michael Peterson, Esquire



March 19, 2008

Ms. Ellen Traywick, Probation Officer
U. S. District Court – Middle District
Frank M. Johnson Jr. U. S. Courthouse Complex
One Church Street
Montgomery, Alabama 36104

Dear Ms. Traywick,

I am writing on behalf of Fredrick Anthony Smith. My name is Jerry Lindsey. At present I own a small business in Troy. I have known the Smith family all of my life. Consequently, I have known Anthony since his birth and have watched him grow through the years.

As I feel sure his Father has expressed to you, the biggest crime Anthony has committed is making foolish decisions and mistakes. However, I can tell you first hand that Anthony is not a mean-spirited person and in fact, is a good hearted young man that would not bring intentional harm to anyone. From the time he was released on bond from Pike County Jail until he was remanded back to federal custody, he worked for me during this time. Moreover, Anthony has worked for me periodically over the last several years.

In closing, it is my sincere wish that Anthony be afforded an opportunity to better himself so that he may have the chance to be a positive part of modern day society. I realize that it is strictly up to the Court but I hope that he will receive the minimum sentence as possible. If he must serve time, I also hope that he be placed in a minimum security facility where he could receive counseling and educational training (GED).

Sincerely,

*Jerry Lindsey*

Jerry Lindsey
958 Pike County Lake Road
Troy, AL 36079

RECEIVED
MAR 21 2008
U.S. PROBATION OFFICE
MONTGOMERY, ALABAMA

DEFENDANT'S
EXHIBIT
7

Timothy Kemp
Substance Abuse Counselor
200 Cherry Street
Troy, AL 36081
February 11, 2008


Ms. Ellen Traywick
Probation
U.S. Courthouse Complex
One Church Street
Montgomery, AL 36104

RE: Frederick Anthony Smith


Dear Ms. Traywick,

My name is Timothy Kemp. I am a Substance Abuse Counselor at East Central Mental Health Troy, Alabama and I am writing this letter in regards to the above referenced client.

Mr. Smith entered our Intensive Out- Patient Program (IOP) on 12 December 2007. During our group process, Mr. Smith committed to remain abstinent from all mood and mind altering substances. He has participated in all group activities and has been compliant. Mr. Smith has stated remorse for being in the situation he finds himself in today.

While Mr. Smith is currently incarcerated, I would like to recommend that Mr. Smith be afforded an opportunity to enter into a Recovery Program. According to Substance Abuse and Mental Health Services Administration (SAMHSA); "Recovery Programs have had a positive effect not only on the inmates, but also our Community as a whole". The Federal Prison Camp at Maxwell Air force Base in Montgomery, Alabama as well as other minimum security facilities in the area offer opportunities for young people like Mr. Smith to attend vocational, GED or substance abuse programs. The Programs have in many cases caused a positive impact upon most inmates when released back to society. Should you have any questions please feel free to contact me at (334)566-6022 ext 212.


Sincerely,

Timothy Kemp B.S.

Substance Abuse Counselor

Cc: Mr. Michael Peterson Esq.

DEFENDANT'S
EXHIBIT
8



**Dr. G. M. Chandler**
Chiropractic Physician
516 PARK STREET
TROY, ALABAMA 36081

Office Phone 566-5283/566-5378



RECEIVED
FEB 21 2008
U.S. PROBATION OFFICE
MONTGOMERY, ALABAMA

February 19, 2008

Ellen Traywick
U.S. Courthouse Complex
One Church Street
Montgomery, Alabama 36104

RE      : Fredrick Anthony Smith
DOB     : February 28, 1983

Dear Ms. Traywick,

I have known Anthony Smith all of his life. I have been more closely acquainted with Anthony and his family for the past 5 years. Anthony has always been a polite young man. I have always seen Anthony show respect to his elders with both verbal and physical actions. I ask that Anthony be placed at the appropriate time in long term rehabilitation. I seriously believe he can be rehabilitated while incarcerated. He has strong family support with caring parents. His life would be enhanced greatly through long term rehabilitation.

Sincerely,

G. Mallone Chandler, D.C.
GMC/slb

Cc:   Michael Peterson, Esq.



DEFENDANT'S EXHIBIT 9