IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07cr253-MEF |
| | ) | |
| FREDERICK ANTHONY SMITH | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AS
TO SAFETY VALVE PROVISION

Comes now the United States of America, by and through Leura G. Canary, United States
Attorney for the Middle District of Alabama, and submits this response to the Sentencing
Memorandum filed by defendant Frederick Anthony Smith. The United States opposes application
of the safety valve provision as requested by the defendant.

FACTS

On June 7, 2007, the defendant, Frederick Anthony Smith, borrowed a friend's car and went
to pick up his co-defendant, Roy Beeman. When Smith picked Beeman up, Beeman placed a black
garbage bad in the trunk and entered the car carrying a Crown Royal bag. In the bag, Smith saw that
Beeman had what appeared to be cocaine and marijuana. Smith also observed that Beeman had a
gun with him. Within a short period of time, the police pulled the vehicle over for an expired tag.
Beeman immediately ran away from the car. During a search of the car, the police located a pistol
under the front passenger seat, where Beeman had been sitting. The Crown Royal bag was found
in the back seat. Inside the bag were 22.56 grams of cocaine base and 14.94 grams of cocaine
hydrochloride. Additional guns were also found in the trunk in the black plastic bag. There is no
evidence that the Smith knew there were guns in the bag when Beeman placed the bag in the trunk.
Smith was charged with two counts of violating 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 for

possessing and aiding and abetting possessing cocaine base and cocaine hydrocholoride with intent

to distribute.  Based on the amount of cocaine, the presentence investigation determined that offense

level 26 applied.  The presentence report applied a two level enhancement to the defendant's offense

level for possessing a firearm during the offense pursuant to U.S.S.G. § 2D1.1(b)(1), for a total

offense level of 28.

## ANALYSIS

The defendant asserts that the safety valve provision contained at U.S.S.G. §5C1.2

applies to his case.  As a result, the defendant argues that the Court should sentence the defendant

in accordance with the sentencing guidelines range without regard to any mandatory minimum

sentences.  In the defendant's case, because he pled guilty to possessing 5 grams or more of

cocaine base, a 60 month mandatory minimum sentence applies pursuant to 21 U.S.C.

§841(b)(1)©.[1]  A defendant qualifies for the safety valve, only if he meets all five of the criteria

listed at U.S.S.G. §5C1.2(a).  The United States concedes that the defendant meets 4 out of the 5

criteria.  However, the defendant does not meet the requirements of U.S.S.G. §5C1.1(a)(2),

which requires that "the defendant did not use violence or credible threats of violence or possess

a firearm or other dangerous weapon (or induce another participant to do so) in connection with

the offense."  In this case the defendant did possess a firearm as contemplated by U.S.S.G.

---

[1]The United States notes that it has already filed a motion for a downward departure
below the mandatory minimum due to the defendant's substantial assistance, pursuant to
U.S.S.G. §5K1.1 and 18 U.S.C. §3553(e).  Granting this motion would seem to make the safety
valve issue moot, since the United States has already moved for sentencing below the mandatory
minimum. However, if the defendant qualifies for the safety valve provision, U.S.S.G.
§2D1.1(b)(11) would appear to require that the defendant receive an additional 2 level reduction
in his offense level. As a result, application of the safety valve would affect the defendant's
guidelines range and is not a moot issue.

§5C1.2(a)(2).

The defendant argues that the safety valve provision applies to his case because he did not personally possess a firearm during the commission of the offense. He argues that a co-defendant's conduct cannot be imputed to him for purposes of applying U.S.S.G. § 5C1.2(a)(2) and that application of the U.S.S.G.§ 2D1.1(b)(1) enhancement does not preclude applying the safety valve. The defendant is correct on both points. Application of the two level enhancement at U.S.S.G. §2D1.1(b)(1) does not preclude the possibility of qualifying for the safety valve provisions. And when considering safety valve eligibility, the actions of co-conspirators or co-defendants are not imputed to the defendant. See United States v. Clavijo, 165 F3d 1341, 1343-1344 (11th Cir. 1999); United States v. Penn-Sarabia, 297 F.3d 983, 989 (10th Cir. 2002); United States v. Figueroa-Encarnacion, 343 F.3d 23, 34 (1st Cir. 2003). Instead, U.S.S.G. §5C1.2, Application Note 4, limits consideration to the defendant's own actions for the purposes of the safety valve: "Consistent with 1B1.3 (Relevant Conduct), the term 'defendant,' as used in subsection (a)(2) limits the accountability of the defendant to his own conduct and conduct that he aided and abetted, counseled, commanded, induced, procured, or willfully caused." [2]

This definition, while excluding the conduct of co-conspirators, still includes conduct that the defendant has aided and abetted. Thus, the Court may consider whether Smith aided and abetted Beeman's possession of a firearm. If he did, then that conduct would be considered for purposes of U.S.S.G.§ 5C1.2(a)(2). See U.S.S.G. §5Cl.2, Application Note 4. In this case,

---

[2]This language follows the first part of the definition of relevant conduct contained at U.S.S.G. §1B1.3(a)(1)(A), but does not include the second part of the definition contained at U.S.S.G. §1B1.3(a)(1)(B) which holds a defendant responsible for the reasonably foreseeable acts and omissions of co-conspirators.

Smith did aid and abet Beeman's possession of the gun. Smith picked Beeman up in his car.

When Beeman got into the vehicle, Smith saw the Crown Royal bag and that it contained drugs.

Smith also saw that Beeman had a gun.   Smith knew that Beeman sold drugs and assisted him.

Therefore, Smith allowed a person to get into his car with drugs he knew the passenger intended

to distribute and with a gun.  He then allowed the passenger with the gun to remain in his vehicle

as Smith then began to drive Beeman to where Beeman directed. Smith's knowledge and actions

in this case are clearly distinct from the situation in United States v. Clavijo.  There, the

defendant had no knowledge of the firearm possessed by his co-conspirators.  United States v.

Clavijo, 165 F.3d at 1342.  By allowing him into his car when he knew he had a gun and then

agreeing to drive him around with the drugs and the gun, Smith was aiding and abetting

Beeman's possession of the gun.  Therefore, as described in U.S.S.G. §5C1.2, Application Note

4, Smith is also responsible for Beeman's possession of the pistol found under the passenger seat

of the car and the safety valve provision does not apply.

  **WHEREFORE,** for the reasons described above, the United States respectfully requests

that the safety valve provision not be applied to the defendant.

  Respectfully submitted this 24th day of April, 2008.

         LEURA G. CANARY
         UNITED STATES ATTORNEY

         /s/ Matthew W. Shepherd
         MATTHEW W. SHEPHERD
         Assistant United States Attorney
         131 Clayton Street
         Montgomery, Alabama 36104
         (334) 223-7280
         (334) 223-7135 Fax
         matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07cr253-MEF |
| | ) | |
| FREDERICK ANTHONY SMITH | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to Paul

Cooper, Esq., attorney for the defendant Roy Beeman, and Michael Petersen, Esq, attorney for

defendant Frederick Anthony Smith.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov